**Hubert W. AMBROSE, Appellant,**

**v.**

**NORFOLK DREDGING COMPANY, Incorporated, and The United States of America, Appellees.**

**No. 8108.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 4, 1960.

Decided Oct. 14, 1960.

Israel Steingold, Richmond, Va. (Steingold & Steingold, Richmond, Va., on brief), for appellant.

Roy L. Sykes, Norfolk, Va. (Waverley L. Berkley, III, and Jett, Sykes & Coupland, Norfolk, Va., on brief), for appellee Norfolk Dredging Co.

Alan Raywid, Atty., Dept. of Justice, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., Joseph S. Bambacus, U. S. Atty., Richmond, Va., and Morton Hollander and Carl C. Davis, Attys., Dept. of Justice, Washington, D. C., on brief), for appellee the United States.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.

PER CURIAM.

Hubert W. Ambrose, appellant here, was a seaman, a member of the crew of The Dredge Talcott which was owned and operated by Norfolk Dredging Company, Incorporated. He seeks to recover damages for injury arising from his employment. One Bloodgood, a civilian employee of the United States Army Corps of Engineers, was the inspector of dredging operations in which The Talcott was engaged. Ambrose was assigned by his employer to assist Bloodgood in attempting to raise an anchor attached to a buoy or marker used to define the limits of a disposal area for the material raised in the dredging operations.

Bloodgood and Ambrose were in a small skiff and were attempting to dislodge the buoy anchor from the sand where it was embedded. Ambrose claimed to have sustained injury to his back during these maneuvers while holding the rope attached to the buoy and anchor and while obeying Bloodgood's instructions.

Ambrose filed his complaint against his employer under the Jones Act, 46 U.S.C.A. § 688, and against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, charging unseaworthiness and negligence. In the case against the employer, a jury trial resulted in a verdict against Ambrose and in favor of Norfolk Dredging Company. The case against the United States was heard by the District Court which entered a final decree against Ambrose and in favor of the United States, finding and concluding that even though there was proof of injury, the evidence failed to establish any liability for either negligence or unseaworthiness. The District Court's findings of fact and conclusions of law are reported in 189 F.Supp. 529.

On this appeal, Ambrose alleges nine separate points of error under three general classifications as follows: (1) Improper exclusion of evidence; (2) improper admission of evidence; and (3) errors in charging the jury and in refusing to charge as requested.

The evidence disclosed that Ambrose would not agree to submit to a myelogram, a procedure to diagnose possible back or spine injury, or to an operation on his back for the purpose of correcting the injury. He was permitted to testify that he was fearful of the myelogram but the court would not permit him to testify that he had been informed and advised by a doctor, who was not offered as a witness, that the myelogram was dangerous and that he should not "let anybody do it." The court's refusal to permit Ambrose to so testify is charged as error.

It is the duty of a plaintiff to minimize his damages by submitting to reasonable treatment and the test in each case is one of reasonableness to be determined by the triers of fact. However, we need not consider whether the court committed error in refusing to permit Ambrose to testify as to the doctor's statement and advice to him in an effort to rebut any possible inference of malingering and to show that his refusal to submit to a myelogram was not unreasonable. Whatever the effect of the exclusion of such testimony might have in other contexts, it is clear in this case, even if we assume that the court may have committed error in its ruling, that it did not affect determination of the issue of liability. The jury, by its verdict in favor of the employer, and the court in the Tort Claims action against the United States, have reached identical, though independent, findings that there was insufficient evidence of liability for either negligence or unseaworthiness. Questions which affect the amount of damages where no right to damages exists are moot.

We have carefully examined the record as to all of the points raised and we find no error to the substantial prejudice of Ambrose. The presentation here of alleged errors in the jury trial involves little more than a reargument of the merits of Ambrose's case. In the trial under the Tort Claims Act, we cannot say that the court's findings and conclusions were clearly erroneous.

Affirmed.